[No. 2019.]

HAINES v. CHRISTIE ET AL.

1. **Appellate Practice—Right Judgment upon Wrong Reasons.**

   If a judgment is right it will not be reversed because it is based upon wrong reasons.

2. **Estates of Decedents—Executors—Removal.**

   Where an executor of an estate is indebted to the estate and denies the indebtedness and refuses to account to the estate

for the money he owes it, he is justly chargeable with misman-
agement, and should be removed.

*Appeal from the District Court of Arapahoe County.*

Mr. CAESAR A. ROBERTS, for appellant.

Mr. AMOS STECK and Mr. F. VAN NORMAN, for
appellee.

THOMSON, J.

This proceeding was instituted in the county
court of Arapahoe county to effect the removal of
Sidney P. Haines as executor of the last will and tes-
tament of his mother, Diadamia Haines, deceased,
and the appointment of a proper person as adminis-
trator with the will annexed.   The petitioner was one
of the heirs of Diadamia Haines.   The petition
charged that the executor was indebted to the estate
in a sum of money very largely in excess of his dis-
tributive share, of which indebtedness he offered no
settlement.

The executor answered denying any indebtedness
whatever, and saying that the supposed debt was only
a nominal one, and was placed at the sum of $12,443.14
to preserve the equities existing between the heirs if
a resettlement of the estate should be found neces-
sary.   The residue of the answer is voluminous, but
it consists mostly of averments in support of the fore-
going statement, and reasons why the respondent
should not be compelled to pay anything to the estate
on account of the alleged indebtedness.

The judge of the county court having been of
counsel for some of the parties, the case was trans-
ferred to the district court of the same county, by
whose order it was referred to Sidney H. Dent to take
testimony and report.   It appears from the report of
the referee that the executor was indebted to the
estate on a promissory note made by him to the testa-

trix on the 20th day of March, 1889, for $10,000, due
in two years, with interest at eight per cent per an-
num; on which, after deducting certain payments,
there was due November 5, 1898, the sum of $15,-
343.78; and that he was also indebted to the estate on
book account, in the sum of $2,447.55. It appears
from the executor's answer, and from his testimony
in the cause, which was in line with his answer, that
he did not propose to account to the estate for that
money, or any of it. It is true, as suggested by coun-
sel, that it nowhere appears that the plaintiff ever, in
terms, said that he would not pay what was due from
him; but he denied that he owed anything, and, ordi-
narily, it is not to be supposed that one intends to
pay what he does not owe. Practically, the differ-
ence between a denial of a debt and a refusal to pay
it, is not very obvious.

The district court sustained some objections to
the referee's report, but in the main approved it, and
among the findings approved, was that fixing the in-
debtedness of the plaintiff to the estate. The cause
was returned to the county court with instruction to
enter an order removing the executor, and revoking
his letters testamentary. It is objected that the court,
in reaching its conclusion, took into consideration
transactions by which the defendant's conduct, as
executor, could not be affected; but we are concerned
only with the judgment which was rendered. If that
was right, it is immaterial what were the particular
reasons upon which it was based. Nor do we regard
the conduct of the other heirs or devisees towards the
executor, or the estate, however reprehensible it may
have been, as having any bearing upon the question
whether the executor properly managed the estate.
There was evidence to sustain the finding concerning
the executor's indebtedness to the estate, and we are
concluded by the finding. In behalf of the defend-

ant, we are referred to the opinion in the case of *Haines v. Christie,* recently decided by our supreme court (28 Colo. 502). So far as the question involved here is concerned, we are unable to see what the defendant finds in that opinion favorable to himself. The action was for an accounting between the executor and the other heirs and devisees. The executor claimed there as here that the note he had given did not represent an indebtedness to the estate, and on the question of indebtedness, the decision of the supreme court was directly against him.

It is provided by section 4719, Mills' Ann. Stats., that letters testamentary, or of administration, may be revoked upon a number of grounds, among which is mismanagement of the estate. If an executor or administrator should refuse to collect debts due to the estate from others, he would be justly chargeable with mismanagement; and, surely, his refusal to account to the estate for money owing to it by himself, cannot be characterized by any milder term.—See *Miller v. Hider,* 9 Colo. App. 50.

Let the judgment be affirmed.        *Affirmed.*