[No. 4583.]

BAILEY v. O'FALLON.

1. **Liens—Sale for Charges—Notice—Replevin.**

Where an agent of the Colorado Humane Society who knew the owner of an animal taken up by him, took steps to enforce his lien for charges for caring for said animal by posting notices of the time and place of sale of such animal, but failed to give notice to the owner, although up to the time of the attempted sale his acts may have been legal, the attempted sale without notice to the owner was a trespass which related back to the inception of the transaction, and rendered the whole proceeding void from the beginning, and the owner could recover the animal by replevin without paying or tendering the agent's charges. And the fact that the owner knew of the proceeding to sell, would not relieve the agent of the necessity of giving him the notice as required by statute.

2. **Appellate Practice—Question Not Raised in Trial Court.**

Appellee or defendant in error may urge any question presented by the record, in support of the judgment below, whether or not such question was raised in the trial court. If a judgment is correct, it will not be reversed because it was based upon wrong reasons.

*Error to the County Court of Gunnison County.*

Mr. J. C. HELM, for plaintiff in error.

Mr. SPRIGG SHACKLEFORD, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The character of this action appears from the statement in *Bailey v. O'Fallon*, ante p. 418. Plaintiff in error, defendant below, claimed that he was entitled to the possession of the mare until his

charges for caring for her, as agent of the Colorado
Humane Society, were discharged. The trial court
rendered judgment in favor of the plaintiff, because,
in his opinion, the law under which the defendant
assumed to act was unconstitutional, and that when
he took possession of the animal he was not the duly
authorized agent of the Humane Society. Counsel
for defendant contend the court erred in determin-
ing these questions. They are not necessarily in-
volved, because, for another reason, the judgment
must be affirmed, and we shall not pass upon them.
The writ of replevin was sued out after defendant
had taken steps to sell the mare for the purpose
of enforcing his lien. At the time he took these
steps he knew that plaintiff was the owner of the
animal. He did nothing more, however, in the way
of giving notice of sale than by posting three notices
of the time and place when and where it would oc-
cur. Sec. 114, Mills' Ann. Stats., which designates
how liens of the character claimed by defendant may
be enforced, provides that, in addition to posting
notices of sale, notice shall also be given the owner,
if known. This latter notice the defendant failed to
give, although he knew plaintiff was the owner of the
animal. The statutes under which defendant as-
sumed to act are in derogation of the common law,
and must be strictly construed and substantially
followed. The authority of the defendant to sell for
the purpose of enforcing his lien depended entirely
upon a compliance with the statute relating to sale.
When he undertook to act without such compliance,
he exceeded his authority, so that, although
all steps and acts upon his part may have been
legal up to this point, his attempt to exercise
an authority in a manner which the law does
not recognize was a trespass which related back
to the inception of the transaction, and rendered the

whole proceeding void from the beginning.—*Webber v. Hartman*, 7 Colo., 13. On this proposition 9 Bacon's Abridgment, 451, is cited in the above case, and quoted with approval, where it is said: "Where the law has given an authority, it seems reasonable that the law should, in order to secure such persons as are the objects thereof from abuse of the authority, when it is abused, make everything done void; and leave the abuser in the same situation as if he had done everything without any authority."

Counsel for defendant contend the record discloses that plaintiff was fully apprised of the proceeding to sell. This may be true, but such information was not obtained in the manner provided by the statute, and besides, the authority of the defendant to sell rested not upon the plaintiff's knowledge of the sale, but upon the giving of such notice in the manner provided by the statute. It is also urged that the question of notice was not raised by plaintiff below. If he were the party bringing the cause here for review, that would be material, but he is not, and is, therefore, not precluded from calling the attention of the court to any proposition presented by the record, from which it appears that the judgment below should not be disturbed. If a judgment be correct, it will not be reversed merely because the reasons upon which it is based may not be sound, or were not involved. It is apparent from the record that the judgment must be affirmed, irrespective of the question of the constitutionality of the law or the agency of the plaintiff, and it is so ordered.

*Judgment affirmed.*

Mr. JUSTICE STEELE, dissenting.

The doctrine announced in the opinion is, it seems to me, wholly inapplicable. In *Webber v. Hartman,* cited, the court held that if the

taker-up of an estray uses the animal, he for-
feits his claim to compensation, and that, al-
though the original taking was lawful, the subse-
quent abuse of authority makes the taking a trespass.
Here, the alleged abuse of authority relates not to
the unlawful use of the impounded animal, but to
an irregularity in giving notice of sale. It should be
observed that a sale did not occur. The animal was
taken under a writ of replevin before the expiration
of the time fixed in the notice; and it is because the
defendant failed to give personal notice of the sale,
in addition to posting notice, as required by the
statute, that he is denied any compensation for the
care of the animal, and is declared to be a trespasser.
It is not claimed that there was unreasonable delay
in making the sale.

I do not contend that one may ignore the pro-
visions of the statute, nor that the sale need not be
in strict accordance therewith, but I do contend that
a false step taken in the proceeding to sell does not
render the taking unlawful without regard to whether
a sale has been made or not. It seems to me that one
who undertakes to make a sale under this statute has
the right to remedy any defect in the notice at any
time before sale; and that if, before the sale, he dis-
covers an error in the notice, he may give a new no-
tice.