[No. 4804.]

O'NEIL ET AL. v. THE FORT LYON CANAL COMPANY
ET AL.

1. **Water Rights—Canals and Ditches—Adjudication of Priorities —Decrees—Matters Determined.**

Decrees under the adjudication statutes of Colorado determine the priorities and the amount of appropriations to the several ditches in the irrigation districts in which such decrees

are entered, and are not intended to designate the person or persons entitled to the use of water thus appropriated. While no ascertainment is made as to who are consumers under any particular ditch, necessarily the relative rights of ditch owners and all consumers are determined; but this rule is intended to govern contentions between different ditch owners taking water from the same stream, and does not determine the rights of the consumers in a ditch as between themselves, nor determine their relative priorities except incidentally as against other ditch owners, nor does it attempt to attach priorities to any particular lands.—P. 492.

2. **Same—Priorities of an Original Canal Over an Extension Thereof—Relative Rights of Consumers.**

The fact that a canal as originally built was decreed a prior water right over an extension thereof, does not give a consumer from the original canal priority over a consumer from the extension—the diversions being made at different times by the canal owners—where the latter consumer made a prior use of the water, since the beneficial application in each instance completed the appropriation.—P. 493.

3. **Same—Presumptions.**

Where a decree in an adjudication of water rights recites that the consumer made beneficial use of the water diverted within a reasonable time to the extent of a certain number of cubic feet per second of time, and that it was entitled to the priority by virtue of such appropriation as of a certain date, the presumption is and must obtain that beneficial use was shown as a basis for the decree.—P. 494.

4. **Same—Sufficiency of Evidence.**

In an action to have the rights of certain water consumers from a canal as originally built decreed prior to those taking water from the extension, evidence reviewed and held insufficient to show a prior beneficial use of water by plaintiffs.—P. 494.

5. **Same—Effect of Contracts on Priorities—Waiver.**

Where an irrigation canal company was decreed a certain priority under its canal as originally built and a subsequent priority under an extension thereof, but water contracts issued to consumers under the original canal were taken up and new contracts issued to consumers of the original canal and its extension, wherein the right was reserved to pro rate water in case of an insufficiency, the consumers from the original canal have not a right superior to the consumers under the extension, since each is controlled by the terms of the contract notwithstanding the difference in priorities; and if the former had any greater

rights under their first contracts, such rights were waived by accepting the new contract.—P. 495.

6. **Same—Priorities of Individual Consumers—Necessary Parties for such Adjudication.**

In an action by some of the water consumers of a canal as originally constructed against the present owners of such canal and its extension and certain consumers from the extension, to have the rights of all consumers from the original canal declared superior to those from the extension, if the rights of the consumers are dependent upon their individual diversions and application to beneficial use, their priorities cannot be determined in such proceeding, since the pleadings are not appropriate and the proper parties are not before the court.—P. 496.

7. **Appellate Practice—Judgments—Correct Conclusion Reached by Incorrect Reasoning.**

If the judgment of the trial court is correct, it will not be reversed because of the process of reasoning through which the result may have been reached, unless it appears by the record that the party against whom the ruling was made is prejudiced thereby.—P. 497.

*Appeal from the District Court of Bent County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by John B. O'Neil, Martin O'Neil and William O'Neil, co-partners doing business as O'Neil Brothers, and George Purvis against The Fort Lyon Canal Company, a corporation, Frank Kreyball and John C. Davidson, and other users of water and water rights from the Fort Lyon canal east of Horse creek, who are similarly situated as to the use of water from the Fort Lyon canal. From a judgment for defendants, plaintiffs appeal.          *Affirmed.*

Mr. Jas. W. McCreery and Mr. G. M. Dameron, for appellants.

Mr. Chas. E. Gast, for appellees.

Mr. Justice Caswell delivered the opinion of the court:

During the years 1884 to 1886, both inclusive, a corporation known as The Arkansas River Land,

Town & Canal Company constructed an irrigating canal from the headgate thereof, which is situate in Otero county on the Arkansas river (from which the canal is supplied), to Horse creek, a distance of about thirteen miles. The headgate of said canal was about 60 ft. in width, but the canal as constructed between the points mentioned was about 12 ft. in width on the bottom, and its capacity was 164.64 cubic ft. of water per second of time, being sufficient to irrigate about 12,000 acres of land lying under it and west of Horse creek.

The record shows that at the time of the construction of the headgate and a portion of the ditch as described, a larger canal was contemplated, which was subsequently constructed through the counties of Bent and Prowers to its present terminus, a distance of about 113 miles from the headgate.

On March 1, 1887, The Arkansas River Land, Reservoir & Canal Company succeeded to the property, rights and franchises of the town and canal company aforesaid, and went into possession of the canal and enlarged the same from its headgate to Horse creek, and extended the same along the established right of way to its present terminus. It would seem that later the canal became the property of The La Junta & Lamar Canal Company, and subsequently became the property of the defendant, The Fort Lyon Canal Company, but the title as vested in the La Junta company need not be considered in the determination of this controversy. At the June term of the district court, 1895, a decree in adjudication proceedings was entered, based upon certain findings. From the findings and decree it appears that The Arkansas River Land, Reservoir & Canal Company was the owner of the canal bearing its own name at the time of the original adjudication; that The Arkansas River Land, Town & Canal Company

had owned the canal and constructed it as far as
Horse creek, which was the furthest point to which
the canal was extended in 1884; that it was con-
structed over the same line of canal as the Reservoir
& Canal Company's canal; that "the said canal so
constructed was constructed with due diligence, and
the amount of 164.64 cubic ft. of water per second
of time was applied to the irrigation of lands from
the canal as then and afterwards constructed within
a reasonable time"; that the Reservoir & Canal
Company, by lawful deeds of conveyance, became the
owner of all the canal, headgates, right, title and
interest, rights of priority inchoate and acquired,
and all the franchises of the Town & Canal Company
on the 1st day of March, 1887, and began the exten-
sion of said canal, which in this finding and the
decree herein is known as The Arkansas River Land,
Reservoir & Canal Company's canal, and excavated
the said canal from the headgate to a capacity equal
to that of the headgate, and extended the said canal
with diminishing capacity according to the amount
of water drawn off for irrigation to the length of
113 miles, and completed the entire extension before
the spring of 1889; that the said extension so begun
on the first day of March, 1887, was substantially the
same enterprise begun and partially executed in
1884, and that there was little irrigation in the years
1884, 1885 and 1886, and that there were financial
difficulties in the way of immediate extension of the
said canal.

It was decreed that The Arkansas River Land,
Reservoir & Canal Company have priority No. 3
for 164.64 cubic ft. of water per second of time, on
account of appropriation made on the 15th day of
April, 1884, and that it have priority No. 5 in addi-
tion to the above for the amount of 597.16 cubic ft.

of water per second of time, on account of the appropriation made on the 1st day of March, 1887.

The appellants herein, who were plaintiffs below, brought suit against The Fort Lyon Canal Company, a corporation, and Frank Kreyball and John C. Davidson, and "other users of water and water rights from the Fort Lyon canal east of Horse creek, who are similarly situated as to the use of water from the Fort Lyon canal." The plaintiffs claim that priority No. 3, as of March, 1884, was decreed to and belongs to the lands west of Horse creek; that the plaintiffs and others living on the lands west of Horse creek are entitled to the benefit of such priority No. 3, and that the waters flowing into the ditch under and by virtue of priority No. 3 should not be pro-rated with the consumers residing on lands east of Horse creek. That should it become necessary because of the scarcity of water to pro-rate at all, then such pro-rating of the waters flowing into the ditch by virtue of priority No. 3 should be confined to the settlers and consumers on the lands west of Horse creek. Appellants further contend that for a long period of years the consumers west of Horse creek had the full benefit of all the waters flowing into the ditch by virtue of said priority No. 3.

We do not think the contention of appellants can be sustained under the law or under the facts presented in this case. It has frequently been decided in this state that the decrees under the adjudication statutes determine the priorities and the amount of appropriations to the several ditches in the irrigation districts in which such decrees are entered, and are not intended to designate the person or persons entitled to the use of water thus appropriated.—*Ind. Ditch Co. v. Agri. Ditch Co.*, 22 Colo. 513-524; *Oppenlander v. Left Hand Ditch Co.*, 18 Colo. 142;

*Combs v. Farmers' High Line Canal & Res. Co.*, 38 Colo. 420. As aptly stated in the latter case: "While no ascertainment is made as to who are consumers under any particular ditch, necessarily the relative rights of ditch owners and all consumers are determined." This rule, however, is intended to govern contentions between different ditch owners taking water from the same stream, and does not determine the rights of the consumers in a ditch as between themselves, nor determine their relative priorities, and the decree in this case determines only the priority and the amount of appropriation to the ditch as such, and does not attempt to determine the rights of the consumers excepting incidentally as against other ditch owners; neither does it attempt to attach the priorities to any particular lands. "While it is true that the priority decree is awarded to the ditch or ditch company which carries the water, yet in reality the thing decreed is a *completed appropriation.* Such appropriation consists of two acts: a diversion of water from a natural stream, and the successful application thereof, within a reasonable time thereafter, to some beneficial use. Where the consumer of water makes the diversion himself, a completed appropriation is made by the same person; but where the diversion is made by a carrier, and the successful application is made by another who is a consumer, a completed appropriation is the result of their combined acts."—*Combs v. Canal & Res. Co., supra.* It is, of course, necessary in making proof to show that water has been actually applied to lands, but it is nevertheless the act of the consumer in beneficially applying it that completes the appropriation, and his right to a prior use of water cannot rest upon his purchase of any particular tract of land and the use of water thereon to the

detriment of a consumer who is prior in point of time in the use of the water.

While the complaint in the case before us alleges that the plaintiffs and others similarly situated became appropriators of water from the Arkansas river for the purpose of irrigating lands west of Horse creek to the extent of 164.64 cubic ft. of water per second of time long prior in point of time to the use, or attempted use, on the part of any users of water from the extension ditch east of Horse creek, such allegations are not supported by the testimony. The plaintiffs below claim under a decree of priority awarded to the Reservoir & Canal Company. This decree recites that the consumers made beneficial use of the water diverted by the Reservoir & Canal Company within a reasonable time to the extent of 164.64 cubic ft. of water per second of time, and that it was entitled to the priority by virtue of such appropriation as of the date of March, 1884. The presumption is and must obtain that beneficial use was shown as a basis for the decree. The evidence is undisputed that certain lands east of Horse creek were irrigated and cultivated long prior to certain lands west of Horse creek. It would seem from the decree, which recites that there was little irrigation in the years 1884, 1885 and 1886, and from the further recital therein that the 164.64 cubic ft. of water per second of time was applied to the irrigation of lands as then and *afterwards constructed* within a reasonable time, that the testimony did not show that this decree was based upon use of water for lands west of Horse creek. The defendant company and its grantors were trustees for the stockholders and consumers and bound to protect the interests of all.—*Ditch Co. v. Elliott*, 10 Colo. 327; *Ditch Co. v. Ditch Co.*, 22 Colo. 513; *Canal Co. v. Ditch Co.*, 23 Colo. 233.

In this case a court of equity was requested to

take water from consumers irrigating lands east of
Horse creek and give the same to later users on
lands west of Horse creek, which it properly declined
to do.  We think it clearly appears from the record
that the relations between the plaintiff consumers
and the ditch companies were contractual and that
the Reservoir & Canal Company had different prior-
ities awarded to its canal; but it is not shown, nor
attempted to be shown, that the plaintiffs had any
contract with the Reservoir & Canal Company by
which they were to receive from the company water
for irrigation purposes from the 3rd priority, so-
called, for 164.64 cubic ft.  It is stated by the de-
fendant and undisputed, and there is testimony in
the record in support of this claim, that all the con-
tracts issued by the Town & Canal Company were
subsequently taken up and new contracts issued by
the Reservoir & Canal Company.  Appellants do
not set forth any contract with the Reservoir &
Canal Company other than by setting forth the fact
that they purchased and resided upon lands west of
Horse creek which were irrigated from this canal and
to which priority No. 3 solely applied.  It seems,
therefore, to be undisputed that if the appellants
had any contracts at all, they were such as were
issued by the Reservoir & Canal Company contain-
ing the pro-rating clause which provides in part that
if the supply of water be insufficient to furnish an
amount equal to all the water rights then outstand-
ing, the said company shall have the right to dis-
tribute such water as shall flow through the said
canal to the holders of such water rights *pro rata*.
This contract certainly applies to all the waters
flowing through the canal and to which it was entitled
at the time the contract was made.  As this com-
pany did not come into possession of the canal until

March, 1887, it must have been made subsequent to that date and subsequent to the date of its second appropriation and decreed priority. We think the rights of appellants are measured by this contract; at least there is no claim to the contrary. They would then be bound by its terms and conditions. If they had, at any time, greater rights under contracts with the Town & Canal Company, they were waived when they entered into this new contract with the Reservoir & Canal Company. The defendant the Fort Lyon Company succeeded to the liabilities of the Reservoir & Canal Company, likewise to its benefits. It is not shown that it has any greater obligations than rested upon the Reservoir & Canal Company. We do not think any rights have been abandoned, nor does the record show that the plaintiffs' would be bound by any by-laws of the Fort Lyon Company, because they took its stock with the understanding and agreement that their legal rights should be determined regardless of the rules and by-laws of The Fort Lyon Canal Company.

As we have said, we think the rights of appellants were acquired by the diversion of the canal company and the beneficial use of water by themselves, but if their rights are dependent upon their individual diversion and beneficial use and not upon the carriers' diversion, then such rights cannot be determined in this case and under the pleadings herein. The proper parties are not before the court. —*Brown v. Canal & Res. Co.*, 26 Colo. 66; *Farmers' High Line Co. v. White*, 32 Colo. 114.

Appellants allege that, "The court erred in finding that the said plaintiffs have, by acquiescence, permitted rights to accrue in said appropriation in reliance upon a general ownership of said priority in

said canal, and by the implied finding therein that plaintiffs have abandoned the use of their prior right to water flowing in the canal west of Horse creek.''

The reasoning of the court, even if incorrect, does not constitute reversible error, the conclusion being, as we think, correct. It has long been a rule of this court that if the judgment is correct, it will not be reversed because of the process of reasoning through which the result may have been reached by the lower court, unless it appears by the record that the party against whom the ruling was made is prejudiced thereby.—*Mining Co. v. Mining Co.,* 11 Colo. 223; *Hall v. Rockwell,* 8 Colo. 103; *Haines v. Christie,* 17 Colo. App. 272; *Bailey v. O'Fallon,* 30 Colo. 419; *MacDonald v. People,* 29 Colo. 503.

The judgment in this case is not necessarily based upon any finding complained of nor upon any findings of the court. It is based upon facts adduced at the trial. There is ample competent evidence to sustain the judgment outside of any testimony which may have been introduced concerning the acquiescence of appellants in the distribution and pro-rating of water; and it does not appear that the judgment resulted from, or that it is based upon, improper or incompetent evidence, or upon any alleged erroneous findings of law by the court. We think the record discloses that the appellants have all the rights they ever acquired, and that their rights in respect to the distribution of water are measured by their contracts with the Reservoir & Canal Company.

The judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.