No. 12,988.

DULING, SHERIFF *v.* SALAZ.
(26 P. [2d] 1069)

Decided November 6, 1933.

454

Mr. HENRY HUNTER, Mr. F. S. MERRIAU, for plaintiff in error.

Mr. JOSEPH W. HAWLEY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error received a patent from the United States Government on a homestead entry in Colorado November 12, 1925. Judgment had been entered against him in New Mexico on March 31, 1921, for breach of promise to marry. Said judgment was sued upon in the district court of Las Animas county, Colorado, and judgment entered against defendant in error on the 18th day of August, 1928, for the sum of $2,321.96, which amount represented the original judgment of March 31, 1921, with interest and costs.

Transcript of the Colorado judgment was filed in the recorder's office of Las Animas county, Colorado, in February, 1929, so as to constitute the judgment a lien on real estate. In June, 1931, execution was issued on said judgment and levy made upon 646.50 acres of land located in Las Animas county and other lands belonging to defendant in error. On the 23rd day of June, 1931, defendant in error gave notice of a claim of exemption as to 646.50 acres levied upon, under section 2296 of the Revised Statutes of the United States.

After plaintiff in error published notice of sale of said lands, and on the 28th of August, 1931, defendant in error filed this suit to restrain plaintiff in error from selling the lands he claimed to be exempt. On hearing, a tem-

porary restraining order was made permanent and from that order plaintiff in error brings error.

All pertinent facts are admitted and the assignments of error point to one law question: Was defendant in error's homestead exempt, under section 2296, Revised Statutes of the United States, from levy and sale under execution on a judgment obtained against him for breach of promise to marry?

The original judgment against defendant in error, which gave rise to this action, was obtained in New Mexico in 1921. Patent to his homestead in Colorado was issued November 12, 1925.

The United States statute under which the exemption is claimed is as follows: "No lands acquired under the provisions of the homestead laws and laws supplemental and amendatory thereof, shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

Plaintiff in error contends that the judgment here under which the levy was made, was founded on a tort, and is not a "debt contracted" within the meaning of the statute. We start with the general premise, that in the matter of determining whether homesteads are subject to the debts of the homesteader, exemption is the rule and liability is the exception.

The provisions for acquiring a homestead are for the benefit of the entryman and his dependents and not for the benefit of his creditors. *Lewton v. Hower*, 18 Fla. 872. Homestead laws are enacted as a matter of public policy in the interest of humanity, and the preservation of the homestead is more important than the payment of debts. 29 C. J. 782. The home is the cornerstone of the social structure and its preservation is for the benefit of the family and not alone for the one who is at its head. The wife or dependents should not suffer on account of the bad results of a promise made by the husband long prior to the acquisition of the homestead.

456

The above statute should be liberally construed, as a strict construction would, in many instances, defeat the underlying purpose of the act. As used in this homestead act, what do the words "debt contracted" really mean? They should not necessarily mean debts incurred and fixed by agreement of parties. The word "contracted" has a more comprehensive significance than to make an agreement. "Debts contracted" in the ordinary acceptance of the term, includes liabilities incurred, and is defined as "All that is due a man under any form of obligation or promise." 1 Bouvier's Law Dictionary 786. In an enlarged or literal sense, the words "debt contracted" may be used to indicate any kind of a just demand incurred. 17 C. J. 1379. Among definitions for the word "debt," we find the following: "In a larger sense, the word means that which one person is bound to pay to another, or to perform for his benefit * * *." 17 C. J. 1373.

In this case the liability of defendant in error relates to the day he made the promise of marriage, which was prior to 1921. At that time, the title to the land in question was in the United States.

If there was liability on the part of defendant in error growing out of the promise to marry, it was created by consent, and is fastened to the day he made the promise; if it represented anything that became due on account of an obligation or promise, it became a debt; if it carried with it the obligation to respond in damages for a breach, that obligation sprang from the contract. Whatever may have been its prior status, it at least became, when merged into the New Mexico judgment, a "debt contracted" and comes within the meaning of section 2296, Revised Statutes of the United States, and therefore the land here in question is exempt.

An action for breach of promise to marry is an action ex contractu. Through indifference, the contract is disregarded, and while the wrong that occurs is purely personal, it may be likened to wrongs that occur from nonperformance of other promises.

We cannot accept the views of plaintiff in error, which are to the effect that this was an action in tort. It was not a tort or quasi-tort.

■ Promise of marriage is an executory contract in the strict sense of the term and with its singular peculiarities, it is generally controlled by the ordinary law of contracts.

The judgment below was right and is affirmed.

MR. JUSTICE BOUCK specially concurs.

MR. JUSTICE BOUCK, specially concurring.

The judgment of affirmance is right. The homesteader, defendant in error here, is claiming an exemption under R. S. U. S., §2296 (U. S. C. A., Tit. 43, §175) as against a judgment for a liquidated sum, recovered in a New Mexico court before issuance of his homestead patent. The judgment was for damages on account of breach of his promise to marry. Counsel for plaintiff in error argue earnestly that the judgment was on a cause of action in tort, but it was clearly on contract. It is undoubtedly a "debt contracted," within the meaning of the homestead act. See *In re C. L. Radway*, 3 Hughes (U. S. 4th Circuit) 609, Case No. 11,523, 20 Fed. Cas. 154, and authorities there cited. True, the trial court erred in pronouncing the "liability" on the original promise to marry as in itself a "debt contracted" at the date of the promise. Such liability was, of course, not in a liquidated or then ascertainable sum, and so not a debt in the sense of the word as used in this connection. Moreover, at that time no cause of action whatever had accrued. However, the error was not prejudicial inasmuch as the uncontradicted evidence shows the court's decision to be right, though the reason assigned was not. *O'Neil v. Ft. Lyon C. Co.*, 39 Colo. 487, 497, 90 Pac. 849, 852.

I file this concurring opinion because Mr. Justice Holland's opinion may possibly be interpreted as approving and adopting the aforesaid error of the trial court. To

458

that I do not agree. If the promise of marriage had been given before issuance of the patent on the homestead, but no judgment entered until after such issuance, the homesteader could not, I think, have successfully asserted his exemption; for in that event no "debt" would have been "contracted" *before patent*. The question as to whether a judgment on a cause of action in tort is a debt within the meaning of the exemption provision is not now before us.