## [No. 3806.]

## BROWN ET AL. v. THE FARMERS' HIGH LINE CANAL AND RESERVOIR COMPANY.

1. WATER RIGHTS—PRORATING—INJUNCTION.

The several users of water from a ditch who acquired their rights by the original construction and the first enlargement of the ditch, may maintain an action against the ditch company to restrain it from compelling them, in times of scarcity when only the amount of water to which the ditch is entitled by reason of the original construction and the first enlargement is permitted to flow in the ditch, to prorate the water with its stockholders and others using water from the ditch, who acquired their rights to the use of water by later enlargements of the ditch. The complaint held sufficient to state a cause of action.

2. SAME—PARTIES.

The owners in severalty of certain tracts of land who acquired their several rights to the use of water for irrigation by the original construction and first enlargement of a ditch are proper parties to be joined as plaintiffs in an action against the ditch company to restrain it from compelling them, in times of scarcity, to prorate the water with others using water from the ditch, who acquired their rights by subsequent enlargements of the ditch.

3. SAME.

In an action by the several users of water from a ditch, who acquired their rights by the original construction and first enlargement; to restrain the company from compelling them, in times of scarcity, to prorate with others using water from the ditch who acquired their rights to the use of water by subsequent enlargements, the

parties claiming the right to prorate are necessary parties, and must be joined as codefendants with the ditch company.

*Error to the District Court of Jefferson County.*

THE plaintiffs in error, twenty-three in number, instituted this action in the district court of Jefferson county to restrain the defendant in error from compelling them to prorate water with its stockholders and others, whose appropriations were subsequent to theirs. The cause of action set forth in their complaint is, in substance, as follows:

That in 1859 there was constructed a ditch, known as the "Golden Canal," which was supplied with water from Clear creek at a point in section 2, township 2, south range 70 west, in the county of Jefferson, state of Colorado, running thence with its main line through said county, and through a portion of the county of Arapahoe, and at that time was of the capacity of 39.8 cubic feet of water per second of time; that in the year 1872 the owners of the canal enlarged and extended it, making the capacity thereof at that time 193.8 cubic feet of water per second of time, and turned this amount of water from the natural stream into the. ditch; that the plaintiffs and their grantors took from said stream, by means of said canal as thus enlarged, this additional amount of water, and applied it to the irrigation of their lands, paid the owners of the canal for the transportation thereof, and have continued the use of said water and the payment of said compensation each and every year, except when prevented from so doing by the wrongful acts of defendants, hereinafter set forth.

Then follows a description, by governmental subdivisions, of the various lands of the plaintiffs and the several amounts of water in inches, claimed to have been appropriated by them or their grantors, the time of such appropriations, and the averment that these amounts of water were applied for the purposes of irrigation upon the lands of said plaintiffs respectively; that the said amounts of water, at the times of the said several appropriations, were and ever since have been necessary for the use of said lands, to make the same product-

ive; that in January, 1886, the Farmers' High Line Canal and Reservoir Company, the defendant in error, became, and is still, the owner and in possession and control of said canal, subject to the rights of the plaintiffs; that during the year 1886, this company enlarged and extended the canal to the capacity of 384 cubic feet per second, for the purpose of securing a supply of water to the amount of 191 cubic feet per second for its stockholders, as of date December 15, 1885; that in 1893, the company again enlarged and extended the canal to the capacity of 704.66 cubic feet of water per second of time, thereby acquiring another appropriation of water equal to about 320 cubic feet per second, as of date of 1893; that the defendant at all times until the year 1894 recognized the rights of plaintiffs to the use of the water from said canal in the quantities, and as of the priorities, as above set forth, whenever there was sufficient water in the canal under and by virtue of the construction and enlargement of 1872, and delivered the same to them whenever demanded during the irrigating seasons; that during the seasons of 1894 and 1895 the defendant, disregarding the rights of plaintiffs, wrongfully and unlawfully refused to deliver water to the latter in said quantities and at the times when the water was necessary to their use for irrigating their lands, and compelled them to prorate in the distribution of water in time of scarcity with its stockholders whose rights to the use of water had been acquired by the enlargement of the canal in the year 1885 and subsequent thereto, thereby depriving the plaintiffs and each of them of a large quantity of water to which they were justly entitled under and by virtue of their appropriations; that in 1883 a proceeding was instituted in the district court of Arapahoe county, for the purpose of adjudicating and determining the rights of all parties to the use of water for irrigating purposes in water district No 7, and such proceedings were had that on October 4, 1884, a decree was entered in said court, determining the rights and priorities of said canal, and of the parties entitled to the use of water therefrom, under and by which decree it was adjudicated and

determined that said canal was commenced in the year 1860, and that by virtue of the original construction thereof it was entitled to divert from the said stream 39.8 cubic feet of water per second of time, and that said ditch was enlarged and extended in the year 1872, and was entitled, by virtue of said enlargement and extension, to the use of 154 cubic feet of water per second of time, in addition to its first appropriation; that the rights and priorities of the plaintiffs which were acquired and held by them under and by virtue of said appropriation, as determined by said decree, and as of date April, 1872, are each and all of them prior and superior to all of the rights of the stockholders of the defendant company; that during the years 1894 and 1895, there were divers times when there was a failure in the supply of water in said stream, and by reason thereof, the said appropriations for the years 1885 and 1893 were cut off from said canal by the water commissioners of water district No. 7, leaving in the canal only the appropriations of 1860 and 1872; and during such time the defendant wrongfully and unlawfully compelled the plaintiffs to prorate the water to which they were entitled with the stockholders of the company, whose rights were acquired under and by virtue of the appropriations of 1885 and 1893, and that it threatens to continue to compel the plaintiffs to so prorate whenever there is such a failure, and thereby deprive them of the water to which they are entitled, to their irreparable damage, etc.

To this complaint the defendant interposed a demurrer, upon the grounds that it does not state facts sufficient to constitute a cause of action or to entitle the plaintiffs to the relief asked, because of a defect of parties defendant, and misjoinder of parties plaintiff and of causes of action. The court below sustained the demurrer, and rendered judgment dismissing the action. To review this judgment, plaintiffs prosecute this writ of error.

Mr. BYRON L. CARR and Mr. L. W. DOLLOFF, for plaintiffs in error.

Mr. S. A. OSBORN and Mr. G. W. TAYLOR, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

While the complaint is inartificially drawn, we do not think it is obnoxious to the first ground of demurrer. Its averments sufficiently disclose the following state of facts:

That the plaintiffs are the owners in severalty of certain tracts of land under defendant's ditch; that they diverted definite amounts of water from the natural stream through defendant's ditch, at certain times from 1872 to 1885, and applied the same to the irrigation of their lands; that ever since such appropriations, they have continued the use of the water and the payment of the compensation required each and every year during the irrigating season, until the years 1894 and 1895, when they were prevented from so doing by the wrongful acts of defendants; that the amounts of water appropriated were, and are, necessary for the use of said lands to make the same productive; that at all times between the years 1885 and 1893 the defendant recognized the priorities of the plaintiffs acquired under and by virtue of the enlargement of the ditch in 1872, and their right to the use of the water in the quantities claimed.

It is also apparent, from other averments, that the defendant does not base its right to deprive plaintiffs of any water because they are not entitled to the amounts claimed by them, or because such amounts are in excess of their actual needs; but solely because it assumes that in times of scarcity of water in its ditch, the plaintiffs are obliged to prorate with other consumers, notwithstanding their priorities are subsequent to plaintiffs'. It will be seen, therefore, that it is not an action to compel defendant company to deliver to plaintiffs specific amounts of water, the right to which is denied by the company, as defendant's counsel seem to consider it; but its object and purpose is to protect plaintiffs at all times in the use and enjoyment of the water, which they aver right-

fully belongs to them; and to restrain defendant from forcing them to prorate the same with those who acquired their priorities under subsequent enlargements of the ditch. We think, therefore, that the complaint not only sufficiently states a cause of action, but one that entitles plaintiffs to the relief demanded. Nor do we think that there is a misjoinder of plaintiffs or causes of action. While it is true that they are owners in severalty of certain tracts of land, they have a joint or common interest in the water sought to be diverted, and the grievance complained of is a common injury to them all. In such case the right of plaintiffs to join in the action is well settled. 1 High on Injunctions, sec. 880; *Churchill v. Lauer*, 84 Cal. 233; Story's Eq. Pl. sec. 285; *Ballou v. Inhabitants of Hopkinton*, 4 Gray, 328; *Reed v. Gifford*, Hopk. Ch. \*419; *Murray v. Hay*, 1 Barb. Ch. 59; *Cadigan v. Brown*, 120 Mass. 494; *Ronnow v. Delmue*, 41 Pac. Rep. 1074.

In High on Injunctions, *supra*, the rule is stated as follows: " As regards the joinder of parties plaintiff in actions of this nature, it is held that owners in severalty of different tracts or premises upon a mill stream, who are operating mills thereon, may maintain an action to restrain the improper diversion of water to the injury of their mills. In such case, although the titles are different, yet the injury, being a common one, creates such a community of interest as to entitle them to join in the action," and is thus stated by Story: " Another exception to the general doctrine respecting multifariousness and misjoinder, which has already been alluded to, is where the parties (either plaintiffs or defendants) have one common interest touching the matter of the bill, *although they claim under distinct titles and have independent interests.*"

In *Ballou v. Inhabitants of Hopkinton, supra*, the owners of different mills were permitted to join in a bill in equity to enjoin a stranger from diverting water from their common source of supply. Shaw, Chief Justice, delivering the opinion, said:

" Although the plaintiffs are several owners of separate and distinct mills, injured by the alleged stoppage, diversion and waste of the water of Mill river, and to recover damage for which each owner must bring his several action at law to obtain a remedy for his particular injury, *yet they have a joint and common right in the natural flow of the stream*, and in the reservoir by which its power is increased, and a joint interest in the remedy which equity alone can afford, in maintaining a regular flow of the water of the reservoir at suitable and proper times, so as best to subserve the equal rights of them all. The remedy in equity, therefore, would by one decree in one suit prevent a multiplicity of actions."

In the present case, although the appropriations of plaintiffs are several, yet they constitute in the aggregate the 154 cubic feet of water appropriated through the enlargement of 1872, and they have a joint and common right to have this amount of water carried and delivered to them by the defendant. It is this common right, as well as the several rights of plaintiffs, that is being invaded. Their right, therefore, to join in invoking " the remedy which equity alone can afford," and thus prevent a multiplicity of actions, is abundantly sustained by the foregoing decisions.

The other ground of the demurrer, namely, that there is a defect of parties defendant, presents a more serious objection. Section 11 of the code of civil procedure provides that: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

While it appears that the injury complained of results solely from the action of the defendant, it also appears that it is acting as the agent and in behalf of other stockholders and consumers of water under its ditch, upon the theory, as we have seen, that such stockholders or consumers are entitled to, or claim, the right to prorate in the water claimed by plaintiffs, when by reason of scarcity the ditch is not en-

titled to its full supply of water from the natural stream. The real controversy, therefore, is between them and the plaintiffs. To grant the relief demanded without their presence would deprive them of that which they claim, without giving them an opportunity to be heard. The case of the *Farmers' Ind. Ditch Co. v. Agr. Ditch Co.*, 22 Colo. 513, is relied on as an authority for maintaining the action against the corporation, without making the stockholders parties. That was an action between two ditch companies, and involved the priorities of their respective ditches, and we held that in such a controversy the stockholders were not necessary parties. But in this case the rights of the stockholders, as among themselves, are directly involved, and their relative rights cannot be finally settled and their respective claims judicially determined in their absence. They are therefore necessary parties, and should have been joined as defendants. *Nichols v. McIntosh*, 19 Colo. 22; *Charnock v. Higuerra*, 111 Cal. 473; *Beasley v. Shively*, 20 Ore. 508.

As was said in the latter case:

" A court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, it may dismiss the complaint or cause them to be brought in, as the exigencies of the case may require. * * * The better practice in the circuit court is to order the necessary parties to be brought in, and that should always be done under ordinary circumstances. But we have no such authority, and could only in a proper case, and where the equities justify, remand the cause to the court below for that purpose."

We think this is a correct statement of the rule applicable to this case. The ruling of the court below upon this ground of demurrer was unquestionably correct, and the plaintiffs might, and should, have amended the complaint in this par-

ticular. But having elected to stand by their complaint the court below properly dismissed the action. Its judgment is therefore affirmed.

*Affirmed.*