[No. 5064.]
[No. 2630 C. A.]

Squire, Water Commissioner, v. Livezey et al.

**Water Rights—Water Commissioner—Appropriators—Injunction —Necessary Parties—Decree.**

In a suit brought by appropriators of water to enjoin a water commissioner from diverting water in a stream loaned to subsequent appropriators by prior appropriators, such subsequent and prior appropriators are necessary parties to such suit, being the real parties in interest, and their absence is fatal to the validity of the decree entered therein, for the water commissioner has no real interest in the questions involved, being simply the agent designated by law for distributing the waters of his district, and it is not any part of his duty to defend the interest of such lenders and borrowers, any more than it would be his duty to appear for and defend the rights of the plaintiff. —P. 305.

*Appeal from the District Court of Garfield County. Hon. John T. Shumate, Judge.*

An action for injunction by Samuel Livezey, Thomas King, Sarah F. Armstrong and Fred F. Rothschild against Frank S. Squire, water commissioner for district 39, Garfield county, Colorado. From a judgment in favor of plaintiffs, defendant appeals.                    *Reversed.*

Mr. S. G. McMullin and Mr. H. A. Dubbs, for appellant.

Mr. J. W. Dollison, for appellees.

Mr. Justice Gunter delivered the opinion of the court:

Livezey, King, Armstrong and Rothschild filed their complaint against appellant, Squire, water commissioner for district 39. The allegations, as far as pertinent to this ruling, were in substance as follows:

Livezey owns a one-sixth interest in water priority No. 70, which is of 5 feet decreed to the Creek and Newman Ditch. Armstrong and Rothschild each own a one-twelfth interest in the same priority, and King owns 2.8 feet, priority No. 129, decreed to the same ditch. These claims are under a statutory water decree entered by the district court of Garfield county in 1889. In the same decree, Lemuel Stewart, Mrs. Moore and others obtained priority No. 21 for 6 feet of water in the Roan Creek Ditch, and in February, 1890, the same court entered a decree in favor of Hoppel, Chadwick and others for the H. V. C. & S. Ditch for 9.7 feet, subject to the former decree. The ditches are all on Roan Creek, said county. The Roan Creek Ditch is three miles above the mouth of the creek; the Creek and Newman Ditch is five miles further up, and the H. V. C. & S. Ditch is seven miles still further up the stream. Sewart *et al.* no longer have rights in the Roan Creek Ditch, which they can lawfully loan or divert from the ditch or from the Roan Creek, either for the purpose of saving crops or for the more economical use of water. Stewart has attempted to loan to said Hoppel two feet of the water decreed to the Roan Creek Ditch, to be taken from the stream through the H. V. C. & S. Ditch for the irrigation of Hoppel's land. Mrs. Moore has likewise attempted to loan to said Chadwick one-half a foot of water decreed to the Roan Creek Ditch, to be taken from the stream through the H. V. C. & S. Ditch.

In 1901, without the notice provided by Session
Laws 1899, defendant Squire, water commissioner,
pretending to act under said statute, turned into the
H. V. C. & S. Ditch $2\frac{1}{2}$ feet of water decreed to the
Roan Creek Ditch, and refused to allow it to flow
down the stream for those lawfully entitled thereto.
His only authority was an order from Stewart and
Mrs. Moore. This has injuriously affected plaintiffs,
who, without avail, demanded of the defendant that
he allow the water to flow down the stream. There
is a shortage of water in the stream, and only the
prior appropriators will be satisfied. The plaintiffs
require for their crops all the water decreed to them
and all unused water of prior appropriators.

Other facts are alleged not material to this rul-
ing. The gist of the allegations of the complaint is:
Stewart and Mrs. Moore have no right to loan their
priorities in the Roan Creek Ditch to Hoppel and
Chadwick, and, therefore, that the defendant com-
missioner had no right to divert the water called for
by such loan from Roan Creek, but should have per-
mitted it to flow down the creek to satisfy the priori-
ties awarded the Creek and Newman Ditch. The
prayer of the complaint was for an injunction re-
straining the defendant commissioner from divert-
ing water in accordance with the loan from Stewart
and Mrs. Moore to Hoppel and Chadwick. It will
suffice to say that the answer, while admitting cer-
tain allegations of the complaint, traversed others
not so admitted. A replication was filed, putting in
issue certain allegations of the answer.

The court, upon the pleadings and certain ad-
missions of fact, entered a decree perpetually re-
straining defendant from in any manner diverting
water from said Roan Creek, or causing to flow into
or through the H. V. C. & S. Ditch any of the water
theretofore appropriated and decreed to the Roan

Creek Ditch, or in any manner preventing the water so appropriated to said Roan Creek Ditch from flowing down and through the channel of said Roan Creek for the use and benefit of those lawfully entitled thereto.

From the facts thus far set out it sufficiently appears that the defendant, the water commissioner, had no real interest in the questions involved in the case—that is, the right of Stewart and Mrs. Moore to loan, and the right of Hoppel and Chadwick to borrow, the priority in the waters of Roan Creek. The water commissioner had no higher duty to Stewart and Mrs. Moore, the lenders of the water right, and to Hoppel and Chadwick, the borrowers thereof, than to the plaintiffs in the case; he was simply the agent designated by the law for distributing, for purposes of irrigation, the waters of the district, and it was not any part of his duty to appear for said lenders and borrowers and defend their interests in the case any more than it was his duty to appear for and defend the rights of the plaintiffs in the case. No fund has been provided him under the law with which to defend such litigation. While a proper party, he was merely a nominal party to the litigation; the parties really interested in the questions at issue were Stewart and Mrs. Moore, Hoppel and Chadwick. If the decree rendered in this case is binding upon the four parties last named, then their interests have been adjudicated without their ever having had their day in court. The decree is certainly not binding on them because they have not had such day. If the decree has any effect at all, its effect would be against the commissioner, and not against such parties. Its effect would simply be to adjudicate by piecemeal important interests. That Mrs. Moore and Stewart, and Hoppel and Chadwick, being the real parties in interest to the controversy,

were necessary parties, and their absence from the litigation fatal to the decree, is *stare decisis* in this jurisdiction. The nonjoinder of necessary parties, it may be here observed, was pointed out by the demurrer. The demurrer was overruled, and afterwards the answer came in, and the case was ruled as above stated.

In *Brown et al. v. The Farmers' High Line Canal and Reservoir Company,* 26 Colo. 66, plaintiffs in error, twenty-three in number, filed their bill to restrain the defendant in error, The Farmers' High Line Canal and Reservoir Company, from compelling them to prorate water with its stockholders and others whose appropriations were subsequent to theirs. From the bill, it appeared, *inter alia,* that the plaintiffs were the owners in severalty of certain tracts of land under defendant's ditch; that they diverted definite amounts of water from the natural stream through defendant's ditch, from 1872 to 1885, and applied the same to a beneficial use; that since they had continued such use and the payment of compensation to defendant for the carriage of their water until 1894 and 1895, when they were prevented from so doing by the wrongful acts of defendant; that the defendant had recognized the priorities of the plaintiff prior to 1894 and 1895. There were numerous stockholders of defendant whose priorities it was claimed were of a later date than the priorities of the plaintiffs. The defendant, however, claimed the right in time of scarcity of water in its ditch to compel the plaintiffs to prorate with other consumers, notwithstanding their priorities were subsequent to plaintiffs'.

The question of a defect of parties defendant was presented by demurrer and sustained. Plaintiffs stood upon their complaint and brought the case

here by error. The judgment below was affirmed. The court in ruling said:

"Section 11 of the code of civil procedure provides that: 'Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.'

"While it appears that the injury complained of results solely from the action of the defendant, it also appears that it is acting as the agent and in behalf of other stockholders and consumers of water under its ditch, upon the theory, as we have seen, that such stockholders or consumers are entitled to, or claim, the right to prorate in the water claimed by plaintiffs, when by reason of scarcity the ditch is not entitled to its full supply of water from the natural stream. The real controversy, therefore, is between them and the plaintiffs. To grant the relief demanded without their presence would deprive them of that which they claim, without giving them an opportunity to be heard.  *  *  *  in this case the rights of the stockholders, as among themselves, are directly involved, and their relative rights cannot be finally settled and their respective claims judicially determined in their absence. They are, therefore, necessary parties, and should have been joined as defendants."

The court cites authorities, among them, *Beasley v. Shiveley*, 20 Oregon 508, and therefrom quotes approvingly the following:

"A court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, it may dismiss the complaint or

cause them to be brought in, as the exigencies of the case may require * * * The better practice in the circuit court is to order the necessary parties to be brought in, and that should always be done under ordinary circumstances. But we have no such authority, and could only in a proper case, and where the equities justify, remand the cause to the court below for that purpose.''

In *Farmers' High Line Canal and Reservoir Company v. White*, 32 Colorado 114, the facts pertinent to the ruling were these: In 1860, the Golden canal was constructed to divert the water of Clear creek for purposes of irrigation. In 1872, the structure was enlarged. In 1884, in statutory proceedings brought for that purpose, a first priority was awarded the canal for 39 8-10 cubic feet of water as of date of original construction, and a second priority for 154 feet, as of the date of the first enlargement. In 1885, the defendant, The Farmers' High Line Reservoir and Canal, was incorporated and acquired the rights of the canal. Plaintiffs were consumers of water which they had utilized through the canal before its purchase by the defendant company. Plaintiffs asserted a priority not later than 1872. It further appeared from the complaint that the defendant company, after it acquired the canal, enlarged the same at different times, and by divers methods claimed to have secured for carriage therein a large quantity of water in addition to that represented by its first two priorities; and in times of scarcity and when the water commissioner had cut out the later appropriation, defendant company, entirely disregarding plaintiffs' priority, had compelled and threatened thereafter to compel plaintiffs to prorate the water of the first two appropriations in which they were owners with its stockholders, whose rights attached later than the priorities of

which plaintiffs were owners. All of its stockholders were not joined with the defendant company as parties defendant.

The defect of the parties defendant, that is, the absence of the stockholders of defendant, was presented by demurrer, and in other appropriate ways in the court below, but such objection was overruled. The defendant answered over. This court held that such stockholders were necessary parties defendant, that their absence was not cured by answering over, and that their absence was fatal to the judgment of the court. This court in ruling said:

"In *Brown v. Canal Co., supra,* which in all substantial respects presents the same issues as the case in hand, it was held that the parties claiming the right to prorate are necessary parties and must be joined as co-defendants with the ditch company. * * * It was so palpably erroneous for the trial court, against defendant's objections, to proceed to a decree without the presence of indispensably necessary parties that, for this mistake alone, the decree must be reversed. Their interests as consumers are manifestly affected. An attempt has been made to pass upon valuable rights and deprive parties thereof without an opportunity to be heard, and with no one before the court upon whom rested the duty of protecting the rights involved as against those making the assault. * * * we are of the opinion * * * the doctrine there enunciated by Mr. Justice Goddard is right and must be adhered to. Only a slight consideration will, we think, clearly demonstrate it. The controversy, as was there said, is not the one between independent ditch companies, but between appropriators or consumers of water from the same ditch. Certainly, plaintiffs would be the last ones to say that the defendant ditch company was under less obligation to protect their interests

as water consumers than to guard the interests of their stockholders, who are also consumers. The defendant stockholders are concerned, not only as much in the ditch enterprise, but they also occupy the position of water consumers, and in that respect sustain towards the defendant company precisely the same relation that the plaintiffs do, and in such capacity are entitled to be heard upon the charges made in the complaint. The legal duty of defendant company is to all its water consumers, whether stockholders or merely holding contracts from it for service as a carrier. In such a controversy as this it can no more represent water consumers who are stockholders than it can represent the plaintiffs who are water consumers and not stockholders. It ought not to take sides in the domestic dispute. This defect of parties defendant was sufficiently urged in the trial court by motion, by demurrer, by answer, by motion for nonsuit, and at every stage of the trial where it was proper to make the suggestion. The fact that defendant company answered over after demurrer does not waive the point, for the reason that its stockholders were necessary parties defendant, without whose presence the court ought not to have proceeded to a trial, and a decree that would be binding on them cannot be rendered in their absence, * * * Had we affirmed this judgment, the defendants not made parties would not be bound by it, but might, in a subsequent action, litigate the claim which plaintiffs have here asserted. Courts should not try actions piecemeal.''

We conclude that Stewart and Mrs. Moore, Hoppel and Chadwick were necessary parties to this proceeding, and their absence therefrom is fatal to the decree below and constitutes a sufficient reason for its reversal. Other points are made, some of them of interest, which we do not rule for two reasons: One,

they may not arise upon a second trial, if one be had; two, we should not rule them in the absence of the parties really interested in them. When such questions are ruled, they should have the opportunity to be present and be heard. Judgment reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring. _____