## No. 9307.

### MARLETT *v.* PROSSER.

1. EVIDENCE—*Judicial Notice,* taken of the custom to convey a volume of water in excess of the capacity of the ditch, or the adjudication.

2. WATER RIGHT—*Conveyance—Effect.* The conveyance of a specified volume of water from a ditch named is no sufficient evidence of the right so assumed to be granted, there being nothing to show the volume of the first appropriation, or the amount of land irrigated.

3. PARTIES—*Consumers of Water from the Same Ditch,* are all necessary parties to an action to determine the right of one, whose right all deny.

*Error to Gunnison District Court, Hon. Thomas J. Black,*
*Judge.*

*Department One.*

Messrs. SAPP & NASH, Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. CRUMP & ALLEN, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error brought suit to quiet title to 115 inches of water from the Arch ditch, in which plaintiff in error claimed a right later than that claimed by defendant in error, by way of an enlargement, as well as a right in the same priority as that claimed by her.

There were several other defendants, who by answer denied defendant in error's right, and claimed rights superior to her's.

On the trial, the court, over the objection of plaintiff in error, Marlatt, held that it was unnecessary to receive evidence "as between the plaintiff and defendants other than Marlatt," and the cause was tried on evidence affecting the interest only of Prosser and Marlatt.

It was admitted,—and the court found—that Marlatt was entitled to a priority of 18 second feet resulting from an enlargement of the Arch Ditch, subject to an earlier priority of 551¼ inches, in which plaintiff and the other defendants were interested, and a second priority not here involved.

The evidence as to the use of water by plaintiff and her grantors was very indefinite, and was far short of proving a right to a specific quantity.

She claimed under conveyances which purported to convey 115 inches, but how much water had been used by her or her grantors, or how much land had been irrigated, does not appear from the record. In short, the extent of her right was not shown.

That being so, and there being no evidence that the quantity of water covered by the first appropriation was sufficient to give plaintiff 115 inches, while giving to her co-consumers the quantity to which they were entitled, it was impossible for the court properly to find that plaintiff was at all times entitled to 115 inches out of the first appropriation.

It is common knowledge that water rights are not infrequently conveyed in excess of the capacity of the ditch, and of the amount adjudicated to the ditch; and it cannot be assumed that the conveyances establish rights to specific quantities as between co-consumers from a ditch.

Suppose that plaintiff's co-consumers are entitled to water in a quantity that leaves her less than 115 inches; then, defendant Marlatt is compelled by this decree to permit her to make up the shortage from his later priority before he gets any water.

From this view of the case it results that no decree could be entered by which a specified quantity from the 551¼ inches is given to the plaintiff before Marlatt could have any water, without first determining to how much she was entitled as against her co-consumers, taking under the first appropriation.

Had she proved that she and her grantors had acquired by use a right to 115 inches that difficulty would be removed, but such proof would not establish that use, against her co-consumers, unless they were parties to the action with liberty to produce evidence against her claim. They are necessary parties, and their rights should be determined as against the claims of plaintiff. *Brown v. Canal & Res. Co.*, 26 Colo. 66, 56 Pac. 183.

The fact that the several defendants made no claims against each other does not change the situation. By their answers they challenged plaintiff's claim, and the issue thus made was a part of the cause to be tried. They all claimed an interest in the first priority, and were necessary parties to the suit. Kinney on Irr., Sec. 1543. To give plaintiff a right whose extent had not been shown, and make Marlatt's right subject to it was error.

Marlatt claimed an interest in the 551¼ inches through a foreclosure, but, as the deed of trust excepted from the lien 12½ rights, which aggregate more than the said appropriation, it is evident that he got nothing by the con-

veyance under which he claims.   That matter need not be
here considered.

For the reasons above stated the judgment is reversed,
and the cause remanded to the District Court with direc-
tions to require the several defendants claiming a right in
said priority of 551¼ inches to make proof of their re-
spective rights, and for such further proceedings as, are in
harmony with the views herein expressed.

Chief Justice Garrigues and Mr. Justice Burke concur.