## No. 11,324.

SAN LUIS VALLEY IRRIGATION DISTRICT *v.* CARR, WATER COMMISSIONER.

Decided April 19, 1926.

Action to enjoin a water commissioner from unlawfully distributing water. Judgment for defendant.

*Reversed.*

1. WATER RIGHTS—*Change of Point of Diversion—Res Judicata.* An application for change of point of diversion of water having been judicially determined, may not again be litigated as to its injurious effects on the rights of others.

2. *Distribution of Water.* It is the duty of a water commissioner to distribute water to a ditch at the point of diversion described in the original adjudication decree in the absence of a court order directing a change.

3. *Change of Point of Diversion.* The burden is on one seeking to change the point of diversion of irrigation water to show that it will not injuriously affect the rights of others.

4. IRRIGATION—*Water Commissioners.* If a water commissioner wilfully violates adjudication decrees in the distribution of water, his acts are unlawful and equity will not shelter him.

5. WATER RIGHTS—*Adjudication—Parties.* Water commissioners do not have to be made parties to statutory proceedings to adjudicate water rights or to change points of diversion.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. GEORGE M. CORLETT, Mr. CLAUDE W. CORLETT, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE San Luis Valley Irrigation District, plaintiff below, filed a bill for an injunction against Carr, water commissioner in water district No. 20, to restrain defendant from delivering water to the Centennial Ditch Company at any point other than that fixed by the latter's decree. Defendant filed a general demurrer only, which the court sustained. Plaintiff electing to stand thereon, judgment was accordingly entered against it. Plaintiff brings error. When not otherwise designated, the parties will be referred to in accordance with their alignment in the trial court.

Plaintiff and Centennial company each have decreed priorities of right to the use of water for irrigation purposes, in water district No. 20, taking water from the Rio Grande river. The rights of the Centennial company are senior to those of plaintiff. The original decrees were obtained under the Acts of 1879 and 1881, C. L. 1921, section 1752, et seq. After this adjudication, the Centennial company filed a petition in the district court, under L. 1903, p. 278, C. L. 1921, section 1706, et seq. to change the point of diversion about two miles upstream, of 75 second feet of water decreed to its Centennial ditch. The plaintiff in this action and others protested against the change, but it was granted by the district court. The judgment of the district court was thereafter reversed by the Court of Appeals, on the ground that the evidence did not warrant the change, and that the change sought would injuriously affect the vested rights of others. *Monte Vista Canal Co. v. Centennial Irrigating Ditch Co.*, 24 Colo. App. 496, 135 Pac. 981.

The complaint in the present case recites, in effect, that notwithstanding the above adjudications, the defendant water commissioner will, unless enjoined and restrained, deliver water to the Centennial ditch at the new headgate. The defendant argues, under his general demurrer, the common principle that a plaintiff is not entitled

to equitable relief unless the complaint shows some present or threatened injury to him. Conceding this to be usually so, it does not follow, however, after plaintiff has successfully resisted the attempt of the Centennial company in the previous proceeding, to procure a change in point of diversion, that plaintiff should thereafter be compelled, or that the parties or a water commissioner should be permitted, to relitigate the matters previously determined, that such change injuriously affects the vested rights of others. Once is enough.

Even without the case in 24 Colorado Appeals, it is the duty of the water commissioner to distribute water to the Centennial ditch, at the point of diversion from the river, described in the original adjudication, in the absence of a court order directing a change. As said in *New Cache La Poudre Irrigation Co. v. Water Supply & Storage Co.*, 29 Colo. 469, 477, 68 Pac. 781: "The interests of the state are involved, and its rights should be protected, and parties may not by their conduct render nugatory a statute whose objects, inter alia, are to protect public officers in distributing water for irrigation, to preserve the peace, and to avoid a multiplicity of suits and their unnecessary costs." In the present case, the situation is even worse, as disclosed by the complaint. It is the public official who is the offender against the statute, as well as against two previous court decrees, the original adjudication and the subsequent denial of change of point of diversion.

It is to be remembered that the burden is on the one seeking the change, to show that it will not injuriously affect others. The water commissioner has not or should not have any personal interest. He cannot shift the burden on the other party by failing or refusing to distribute water according to the decrees, which the law requires him to do as a part of his official duty. If he wilfully violates the decrees, he is then acting for a private and not the public interest, his acts are unlawful, and equity will not shelter him.

Defendant water commissioner argues, through his counsel, that he was not a party to the previous decree or decrees, but irrigation officials, in their public capacities, do not have to be made parties to statutory proceedings, under the laws here mentioned, to adjudicate water rights, or to change points of diversion. The very purpose of their appointments, among other things, is to execute the orders of court.

The judgment is reversed, with directions to overrule the demurrer.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.