No. 11,954.

SAN LUIS VALLEY IRRIGATING DISTRICT, ET AL. *v.* CENTENNIAL IRRIGATING DITCH COMPANY.

Decided October 29, 1928. Rehearing denied November 19, 1928.

Mr. George M. Corlett, Mr. D. E. Newcomb, Mr. Edward L. Wood, Mr. Frank B. Goudy, for plaintiffs in error.

Mr. Herbert W. Martin, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The Centennial Irrigating Ditch Company, petitioner below, defendant in error here, on May 5, 1926, filed its petition in the district court of Alamosa county for a change in the point of diversion of its irrigating ditch by extending the same upstream in the Rio Grande river, the source of supply. A final decree awarding the change was made September 13, 1926. Respondents are here on error to have this decree set aside. We take notice of our previous decisions, and the record before us itself discloses that, in three former actions between these, and possibly other parties, the defendant in error Centennial Company made similar attempts in the courts to secure such change, in all of which it failed. This is the fourth attempt. The ditch as originally constructed was along the river bottom and the water was applied to lands which were immediately adjacent to the river and the waste or return waters quickly reached the stream. Some time in the year 1910 the owners of the ditch of defendant in error conceived the plan, and attempted to carry it out, of carrying this water across a divide into the adjacent Rock Creek drainage basin and applying it upon agricultural lands there from which the return flow would not reach the river. Objections were made by other appropriators, including some of

the respondents to the pending action, and in a suit which reached the Court of Appeals that court directed the district court to enter a decree denying the change which the trial court had theretofore granted. *Monte Vista Canal Co. v. Centennial Irr. D. Co.,* 22 Colo. App. 364, 123 Pac. 831; see also: *Monte Vista Canal Co. v. San Luis Val. Irr. Land Co.,* 22 Colo. App. 376, 123 Pac. 835; *San Luis Val. Irr. Co. v. Carr,* 79 Colo. 340, 245 Pac. 705.

Again and in 1924 defendant in error, though not at first filing an application in court or securing a judicial determination of its right to make such change which our statute requires, actually constructed a new headgate upstream on the Rio Grande river and several miles of ditch which, though not located at the precise point of the headgate, or along the line of the former ditch, were practically at the same point and on the same line as those which our Court of Appeals, in the case above cited, held could not be made. The result of this attempt was that by reason of the grade and additional fall of the new structure the old ditch was filled up and raised to such extent as to force water over the ridge into Rock Creek basin and there applied by defendant in error to agricultural lands to the injury of the plaintiffs in error. Thereupon the plaintiffs in error brought their injunction suit against the defendant in error to restrain its new attempt. To the complaint the defendant's demurrer was sustained and an appropriate judgment of dismissal entered thereon. On writ of error to our Supreme Court to this judgment, we held in *San Luis Valley Irr. Ditch Co. v. Carr, supra,* that, as laconically expressed in the opinion of Mr. Justice Adams "Once is enough." Or, as phrased in the headnote to that opinion: "An application for change of point of diversion of water having been judicially determined, may not again be litigated as to its injurious effects on the rights of others." In accordance with our order in that case the cause was remanded to the dis-

trict court. It has not yet been tried, but has been continued from time to time for the reason, among others, that the defendant in error, the Centennial Company, on May 5, 1926, as above stated, brought this, another and separate, action for a decree to extend its ditch upstream, which ditch and headgate, as already stated, had been constructed before any application therefor was made. Respondents in this latest action bring error for the purpose of reviewing the final decree of September 13, 1926, awarding the change prayed for.

We think the permissive decree was radically wrong and must be reversed for the following, among other, reasons:

1. Without going into detail, we content ourselves by saying that this last and fourth attempt of the defendant in error to have a decree to change the point of the diversion of its ditch, is a palpable and flagrant attempt to relitigate a matter that has already been determined adversely to its contention. We see no reason to gratify this latest expression of its desire for a change of place of diversion. It is not true that the present attempt to secure such change is upon a radically different state of facts from those present in the former cases. Defendant in error was seasonably advised, when it began its work of construction, and before it made an application for a judicial determination of its right to this change, that it would be opposed, but notwithstanding this notice proceeded to the construction of a new headgate, and what it calls a new ditch, before resorting to the court for permission, and it has unjustly enjoyed the benefit of the use of the waters diverted at the new headgate and through the alleged new ditch, to the injury of the plaintiffs in error, without first obtaining a permissive decree of court. Defendant in error does not come into court with clean hands. It does not possess the right repeatedly to seek the same relief that has as often been denied it.

2. Practically contemporaneously with the filing of the complaint in this action the district court adopted rule 32 of that court which, without quoting in full, assumes to eliminate personal service upon the parties affected by such a suit and provides only for the publication of notice to the respondents. The court had no jurisdiction to adopt the rule. Section 1766, C. L. 1921, inter alia, provides that in all water right adjudication proceedings brought under our statutes, or for the transfer of an adjudicated water right, after a general decree has been entered in a water district, no further publication or posting of notice is required. But the section further specifically provides that in all such proceedings subsequent to the entry of such general decree, written notice shall be given and served upon the parties interested adversely in such manner as is now or may hereafter be provided by law for the service of summons in other civil cases; or in such reasonable time and manner as may be fixed by rule of court. Defendant in error says that this section is inapplicable to proceedings for change of point of diversion and is restricted to transfers of an adjudicated water right. This is not the correct interpretation of the statute. It expressly says that in all proceedings subsequent to the entry of the general decree written notice shall be given to those adversely interested and served in such manner as the law provides in summons in other civil actions. A summons in a civil action must be served personally upon the defendant if he is within the jurisdiction of the court and can be found in the county. The defendants or respondents in this proceeding are residents of the county and within the court's jurisdiction and could be personally served. The attempted service in this case was only by publication of notice in accordance with the provisions of this rule. There is no pretense or argument by the defendant in error that respondents are nonresidents or could not be served personally. Defendant in error was guilty of an attempt to ignore the provi-

sions of the statute for service personally upon the plaintiffs in error. It is sham and a pretense to assert that only publication of notice is necessary. In the circumstances of this case, and in consideration of the previous decisions of this court upon similar unsuccessful attempts of the defendant in error, we shall, and hereby do, reverse the judgment and remand the proceeding with instructions to the district court to dismiss the petition at the costs of the petitioner. Judgment reversed and the cause remanded with instructions.

MR. JUSTICE BURKE not participating.