No. 12,855.

TERRACE IRRIGATION DISTRICT *v.* NEFF.
(19 P. [2d] 754)

Decided February 20, 1933.

Mr. George M. Corlett, Mr. Claude W. Corlett, for plaintiff in error.

Mr. Cass M. Herrington, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Suit for injunction against a district water commissioner. A demurrer on the ground of defect of parties defendant was sustained. Plaintiff having elected to stand on its complaint, judgment of dismissal was entered. Error is assigned.

Plaintiff challenges the holding below on authority of *San Luis Valley Irrigation District v. Carr,* 79 Colo. 340, 245 Pac. 705, but we are persuaded to the view of the learned trial judge that the case is distinguishable. There the demurrer was general, while here it is directed to the point of defect of parties defendant; the causes are unlike in allegations, and in consequence defendant's relation to the subject matter is different. Here, while plaintiff prayed that the water official be enjoined from making distribution of water at a point other than that alleged to have been decreed to the owners of another ditch, as in the Carr case, unlike that case, plaintiff's major purpose, as clearly appears, is to have judgment to the effect that in making distribution defendant shall not order a greater flow past plaintiff's headgates for the use of the owners of Head Overflow Ditch No. 5 than existing priority decrees justify, and which plaintiff would have curtailed in accordance with its interpretation of the said decrees. In the situation indicated claimants under ditch 5 are interested parties, and indispen-

sable to the judicial inquiry which plaintiff would inaugurate by this suit.

The rule which we think is controlling is well stated in *McLean v. Farmers' High Line Canal and Reservoir Co.,* 44 Colo. 184, 98 Pac. 16, from which we quote the following: "It is doubtless true," the court said, "that water officials must distribute the waters of a district or division according to adjudicated priorities, but when they are avowedly attempting to do so, as it is made to appear from the pleadings in this case, their action cannot be interfered with either by interlocutory order or final judgment unless the real parties in interest are parties to the action." See, also, *Squire v. Livezey,* 36 Colo. 302, 85 Pac. 181; Long on Irrigation (2d Ed.), §265; 2 Wiel Water Rights (3d Ed.), §1196.

The demurrer was properly sustained and the ruling is approved. In relation to the final judgment, however, which was entered as a matter of course, the court in its discretion, plaintiff promptly moving to that end, may order vacation, and grant plaintiff leave to amend and join other parties as advised. Failing which the judgment shall stand affirmed.

MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.