No. 12,873.

In re Adjudication of Priority Rights to the Use of Water.

San Luis Valley Irrigation District et al. *v.* Knowlton.
(21 P. [2d] 177)

Decided April 10, 1933.

Mr. George M. Corlett, Mr. Claude W. Corlett, Mr. F. B. Goudy, Mr. Edward L. Wood, for plaintiffs in error.

No appearance for defendant in error.

408

Mr. Justice Campbell delivered the opinion of the court.

In the district court of Alamosa county there were filed six separate actions in each of which a decreed appropriator of water for irrigation purposes in water district No. 20 sought a change in the point of diversion of his or its irrigating ditch. Included in such applications are one by W. F. Knowlton, one by John Jemison and one by Fred Fuchs, each of whose ditches has its headgate in Pinos creek, a natural stream which is a tributary of the Rio Grande river. Due legal notice to all users was given of such applications. Objections thereto were filed in the district court by other appropriators from the same source of supply. A prolonged hearing was had. The trial court, among other things, found from the evidence produced that no injury to other appropriators would result from the changes sought by these three appropriators and thereupon the appropriate permissive decrees were granted. Plaintiffs in error, appropriators from the same streams, have sued out three separate writs of error directed severally to the defendants in error Knowlton, Jemison and Fuchs. In their briefs counsel for plaintiffs in error say that several other cases of the same character will be brought here for review, but no other such case has yet been filed in this court. The three cases now before us have been reached for decision in their order and will be disposed of in one opinion since, as counsel for plaintiffs in error themselves say, the facts and evidence are practically identical. We are relieved of diligent search of the entire record since the plaintiffs in error have inserted in their abstract thereof not only the findings of fact made by the trial court as to each of these cases, but also a summary of the law applicable to such cases as conceived by the trial judge. In disposing of the three cases now before

us for review and which have been submitted by the same counsel for the plaintiffs in error in each case, and also one other case taking water from the same stream, the trial court said:

"From the evidence in this case and from the maps placed in evidence it appears and the Court so finds: that the valley along the east branch of Pinos Creek in which these ditches are located is less than a mile wide at its widest part; that it has a heavy fall toward the Rio Grande River; that the first bottom is less than one-half mile in width; that the appropriations sought to be changed in point of diversion were originally used for the irrigation of this bottom land; that conditions have materially changed of late years and that a large part of the bottom land has become heavily water-logged and that this land does not now require as much water for its irrigation as formerly; that drains have been constructed which carry direct to the river some of this surplus water which accumulates in the land during the irrigation season; that along the east side of the valley on the hillside slopes there are small tracts of tillable and irrigable land belonging to the several petitioners which it is desired to cultivate and to which a part of the water will be applied if the changes are allowed; that water used for the irrigation of these hillside lands drains promptly into the bottom lands and into the stream or accumulates in the water-logged area and ultimately finds its way to the Rio Grande through the stream, by percolation and through the drain ditches mentioned above; * * * that no substantial injurious effect to the vested rights of other water users in the district will result from the changes petitioned for or from any of them.

"The changes asked for in the four petitions last above mentioned will be allowed unconditionally."

It thus appears that, although there was some evidence in behalf of plaintiffs in error tending to throw a somewhat different light upon the matter in dispute,

the trial court's findings of fact are well established by the evidence. It is true that the witnesses for the respective parties differed in their opinion or conclusion as to the effect of such changes upon the rights of these complaining plaintiffs in error, but our examination of the transcript of the record in this case convinces us that the court correctly stated the evidence and made no mistake in its conclusion that plaintiffs in error suffered no injury by the judgment of the court permitting these changes to be made.

Counsel for plaintiffs in error, however, lay stress upon the statement of the trial court: "that no *substantial* injurious effect to the vested rights of other water users in the district will result from the changes" sought by the owners of these three irrigating ditches. It would not be a difficult matter for a student of language to demonstrate that the use of this word "substantial" by the court in its conclusion is not harmful to the plaintiffs in error. However that may be, it is not a matter of importance here because the trial court in its decree declared that the changes asked and prayed for in these three applications "will not injuriously affect the vested rights of other appropriators in and to the use of water." We think the trial court was right not only in this statement, but also in saying that the evidence produced fully justified its findings and decree that these plaintiffs in error and other appropriators from this stream would not be injuriously affected by desired changes in the points of diversion.

That the court had in mind the law applicable to the case clearly appears from its statement: "That while the owner of a water right may change the point of diversion or the place of use, or both, yet this right to make such change is a limited right, conditioned upon the all-important consideration that the vested rights of other water users in the district shall not be injured by the change." The trial court also referred to the fact that the General Assembly, in providing the procedure

through which desired points of diversion may be changed, has placed upon the petitioner the burden of showing that such change will not result injuriously to vested rights of others, and further provided that "if such injury appear, the court shall decree the change only upon such terms and conditions as may be necessary to prevent such injurious effect, or to protect the parties affected, or if impossible so to do, may deny such application." The trial court further recognized that the courts have found it impossible to establish a fixed rule which would be applicable to every case and each case must necessarily depend upon the circumstances and conditions surrounding it. The trial court here did not find that the evidence in this case was of such a character as to disclose any appreciable injury to other appropriators and, therefore, did not feel called upon to prescribe necessary terms and conditions to prevent any supposed injury. On the contrary, the court found, substantially, and so stated in its decree, that the changes sought will not injuriously affect the vested rights of other appropriators.

Counsel for plaintiffs in error have called our attention to a number of cases, such as *Monte Vista Co. v. Centennial Co.,* 24 Colo. App. 496, 135 Pac. 981; *Ft. Lyon Co. v. Rocky Ford Co.,* 79 Colo. 511, 246 Pac. 781; *San Luis Valley Irr. Dist. v. Carr,* 79 Colo. 340, 245 Pac. 705; *Trinchera Ranch Co. v. Trinchera Irr. Dist.,* 83 Colo. 451, 266 Pac. 204; *Baker v. Pueblo,* 87 Colo. 489, 289 Pac. 603; *Farmers' Co. v. Wolf,* 23 Colo. App. 570, 131 Pac. 291. We are familiar with these cases and are aware of the tendency of this court to refuse applications of this nature unless the testimony clearly shows that injury will not result to other appropriators from the same source of supply. We are fully satisfied with what we have already said in these cases referred to and other cases of like character. They are in no sense authority for the contention of plaintiffs in error under the facts of this case. In the cases cited, and upon which plaintiffs in

error apparently rely, the evidence clearly established the fact that the changes sought, if granted, would necessarily injuriously affect the rights of other appropriators.

The trial court was right in its findings and in its decrees as to each of these three cases and its judgments therein, and in each of them, are accordingly affirmed.