No. 13,656.

REORGANIZED CATLIN CONSOLIDATED CANAL COMPANY ET AL.
*v.* SUNNYSIDE PARK DITCH COMPANY ET AL.
(54 P. [2d] 560)

Decided January 27, 1936.

Messrs. McHendrie, Shattuck & Pointer, for plaintiffs in error.

Mr. E. H. Stinemeyer, Mr. Wallace Schoolfield, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiffs in error, herein designated as plaintiffs, as they appeared in the trial court, sought to enjoin defendants from diverting water from the Arkansas river and its tributaries, claiming that such diversion was an invasion of their decreed priorities of right to the use of such water. A demurrer to the complaint was sustained, and the complaint dismissed upon plaintiffs' election to stand upon their complaint as amended. They now prosecute this writ of error.

Plaintiffs are four mutual ditch companies operating separate canals under their various names, which divert water from the Arkansas river by virtue of priorities senior in time and right to all the water priorities of the several defendants, with one exception. In a joint complaint against the several joined defendants, they make the following allegations which are sufficiently comprehensive for the purposes of our present consideration:

"That the defendants (other than the defendant water officials) have on numerous occasions, knowingly, wrongfully and unlawfully diverted, taken and used from the Arkansas River and its tributaries, including said Chalk Creek, water to which they were not entitled under the said priorities decreed to them, or otherwise, or at all, and contrary to and in disregard and violation of the said decreed priorities of the plaintiffs, and have thereby deprived the plaintiffs, and each of them, of the supply of water to which they were entitled by virtue of the

decreed priorities awarded to their respective canals as hereinbefore set forth, when the water so wrongfully and unlawfully diverted and taken by said defendants would have been available for diversion and use by said plaintiffs, and each of them, under their said decreed priorities respectively, and have thereby greatly damaged the plaintiffs, and each of them, and their respective stockholders, and as a result of said wrongful and unlawful acts of said defendants (other than said defendant water officials), the users of water from the canals of the respective plaintiffs have suffered great damage to their crops.

"That defendants (other than defendant water officials) have on numerous and divers occasions wholly disregarded the rights and priorities of the water users in Water Districts lower down on the Arkansas River and its tributaries and particularly of these plaintiffs, and have been diverting and continue to divert, water from the Arkansas River and its tributaries, including said Chalk Creek, in said Water District No. 11 wrongfully and unlawfully and contrary to and in violation of the decrees in said Water District No. 17 and other water districts, to the great damage of the ditches and ditch owners and users and consumers of water through and by means of said ditches.

"That plaintiffs have at various times over a period of several years next prior to the institution of this action called upon the State Engineer, the Irrigation Division Engineer of Irrigation Division No. 2 and the Water Commissioner of said Water District No. 11 to enforce decrees of plaintiffs and defendants, and to distribute the waters of the Arkansas River and its tributaries in accordance therewith. That said State Engineer and said Division Irrigation Engineer and said Water Commissioner have sought to enforce said decrees and all other decrees in said Irrigation Division No. 2, but have been unsuccessful in so doing in so far as the ditch owners herein made defendants are con-

cerned. That said defendant ditch owners have wholly ignored the orders and directions of said water officials, and have refused to comply with their lawful orders as to distribution of water from said River and its tributaries."

The court sustained defendants' motion to make the complaint more specific by setting out the dates of the alleged wrongful diversions, the names of the respective ditches and defendants making them, the dates of the orders violated, the names of the water officials who issued the orders, the dates of the violations of these orders, and the names of the ditches and of the defendants violating them. Plaintiffs filed an amended complaint, incorporating the above quoted allegations of the original, setting out in detail the requirements of defendants' motion and further naming the plaintiff ditch which would have received the water at the particular time it was diverted by a particular defendant or defendants. The corporate defendants and a group of individual water users owning the ditches of which complaint is made, filed separate demurrers which are identical, in so far as the grounds thereof are stated, which are: (1) Misjoinder of causes of action; (2) misjoinder of parties plaintiff and (3) misjoinder of parties defendant. As disclosed by the contention of defendants, they proceed upon the theory that since it is shown by the amended complaint that the diversions were accomplished by each ditch for itself and not in conjunction with any other, that each diversion constituted a separate and distinct cause of action which could not be joined with causes based on diversions made by other defendant ditches to the injury of other plaintiff owners of ditches, and it is claimed that none of the other plaintiffs, not then affected, had any interest in the violations which affected other plaintiffs; that therefore each plaintiff must seek independent and separate relief; further, that the specific diversions charged to certain defendants were committed by them separately and not jointly and consequently each

defendant must be separately sued. If these contentions are sustained, the result, as we gather from the pleadings, would be a multiplicity of suits. We are not specifically advised, but assume from the fact that the ruling on the demurrer was general, that the trial court upheld each of the three grounds therein presented. Our concern is whether or not the demurrer was properly sustained. If not, then it should be overruled and the complaint reinstated for proceedings thereunder.

The questions of misjoinder of parties plaintiff or defendant may properly be discussed together. Generally, parties with separate and distinct claims, held in severalty, cannot join in seeking injunctive relief; but varying circumstances in particular cases have resulted in a flexibility of this rule, aimed generally at the prevention of multifarious litigation. In this case it is apparent that plaintiffs seek the same character of relief against defendants who have a general, common defense, and whose acts are alleged to have been performed by more than one of them. The act or acts of defendants would injure plaintiffs in the same manner by interfering with a common, but similar, right of plaintiffs and as to the latter and defendants in this case, each have a community of interest, which ultimately affects all plaintiffs and defendants in turn, such interest being directly connected with the subject-matter of this controversy. To avoid misjoinder, it is not necessary that each defendant or each plaintiff be immediately interested in the whole subject of litigation, but it is sufficient, if all the matters in the complaint have a relation to the other matters therein contained, provided the object of the complaint is single, and that it presents a right common to all the plaintiffs, which is alleged to have been invaded by all the defendants. This principle is abundantly sustained by *Brown v. Farmers' Co.,* 26 Colo. 66, 56 Pac. 183, and *Faden v. Hubbell,* 93 Colo. 358, 28 P. (2d) 247.

That each separate alleged injurious act of de-

fendants might provide a ground for a separate action by any or all of plaintiffs, cannot be denied; however, the fact that numerous such acts of the several defendants are alleged does not make the complaint objectionable on the ground of misjoinder of causes of action. The general principle concerning the joinder of parties plaintiff or defendant, heretofore discussed, applies with equal force to the question of misjoinder of causes of action. It is to be remembered, that herein plaintiffs seek to invoke equity for injunctive relief and such actions are to be distinguished from actions for damages against joint tort-feasors. It is not necessary, in order that all of these plaintiffs may join all of their causes of action against all of the defendants, that the complaint allege concert of action on the part of the defendants or that an alleged design or common plan be followed by unity of action. Plaintiffs do not ask judgment for damages against defendants separately or jointly, but it is the injury resulting from the aggregate acts of all of them that they seek to enjoin. Their interest in the enjoyment of the use of the water alleged to have been wrongfully diverted is common as is the injury sustained. There is no improper joinder of parties plaintiff or defendant, or of causes of action, and we find and hold that the demurrer was erroneously sustained.

The judgment is reversed and the cause remanded with directions to reinstate the complaint for such further proceedings as may be proper in the premises.

Mr. Chief Justice Campbell and Mr. Justice Burke concur.